J. PAUL MOORHEAD (SBN 240029)
pmoorhead@bushgottlieb.com
KATHY M. AMILIATEGUI (SBN 348470)
kamiliategui@bushgottlieb.com
BUSH GOTTLIEB, A Law Corporation
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260
Telephone: (818) 973-3200
Facsimile: (818) 973-3201

Attorneys for Plaintiffs, Trustees of the Southern California Pipe Trades Health and Welfare Trust Fund, et al.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE SOUTHERN CALIFORNIA PIPE TRADES HEALTH AND WELFARE TRUST FUND; TRUSTEES OF THE SOUTHERN CALIFORNIA PIPE TRADES PENSIONERS AND SURVIVING SPOUSES HEALTH FUND; TRUSTEES OF THE SOUTHERN CALIFORNIA PIPE TRADES RETIREMENT TRUST FUND; TRUSTEES OF THE SOUTHERN CALIFORNIA PIPE TRADES DEFINED CONTRIBUTION TRUST FUND; TRUSTEES OF THE SOUTHERN CALIFORNIA PIPE TRADES VACATION AND HOLIDAY TRUST FUND; TRUSTEES OF THE SOUTHERN CALIFORNIA PIPE TRADES CHRISTMAS BONUS FUND; TRUSTEES OF THE APPRENTICE AND JOURNEYMAN TRAINING TRUST FUND; TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND; and TRUSTEES OF THE INTERNATIONAL TRAINING FUND,<br><br>Plaintiffs,<br><br>vs.<br><br>WORLD MECHANICAL, INC., a California corporation<br><br>Defendant. | **Case No.**<br><br>**COMPLAINT FOR:**<br><br>1. **BREACH OF COLLECTIVE BARGAINING AGREEMENTS, TRUST AGREEMENTS, AND VIOLATION OF ERISA**<br><br>2. **BREACH OF CONTRACT** |

885901v2  11157-32003

COMPLAINT

Plaintiffs, Trustees of the Southern California Pipe Trades Health and Welfare Trust Fund, Trustees of the Southern California Pipe Trades Pensioners and Surviving Spouses Health Fund, Trustees of the Southern California Pipe Trades Retirement Trust Fund, Trustees of the Southern California Pipe Trades Defined Contribution Trust Fund, Trustees of the Southern California Pipe Trades Vacation and Holiday Trust Fund, Trustees of the Southern California Pipe Trades Christmas Bonus Fund, Trustees of the Apprentice and Journeyman Training Trust Fund, Trustees of the Plumbers and Pipefitters National Pension Fund, and Trustees of the International Training Fund (collectively the "Trustees"), complain and allege:

## JURISDICTION AND VENUE

1. This Court has jurisdiction of the case pursuant to section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") [29 U.S.C. § 1132(e)(1)], which grants the United States District Courts jurisdiction over civil actions brought by a fiduciary pursuant to section 502(a)(3) of ERISA [29 U.S.C. § 1132(a)(3)] to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in section 502(f) of ERISA [29 U.S.C. § 1132(f)].

2. This Court also has jurisdiction of this case pursuant to section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA") [29 U.S.C. § 185(a)], which grants the United States original jurisdiction over suits for violation of contracts between an employer and a labor organization in an industry affecting commerce, without respect to the amount in controversy and the citizenship of the parties.

3. Venue is proper in this Court pursuant to section 502(e)(2) of ERISA [29 U.S.C. § 1132(e)(2)], and section 301(a) of the LMRA [29 U.S.C. § 185(a)], in that this is the district in which the plaintiffs' trust funds are administered, in which the relevant acts took place, and in which monies are due and payable.

4. To the extent this complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

## PARTIES

5. Plaintiffs are the Trustees of the Southern California Pipe Trades Health and Welfare Trust Fund, Southern California Pipe Trades Pensioners and Surviving Spouses Health Fund, Southern California Pipe Trades Retirement Trust Fund, Southern California Pipe Trades Defined Contribution Trust Fund, Southern California Pipe Trades Vacation and Holiday Trust Fund, Southern California Pipe Trades Christmas Bonus Fund, Apprentice and Journeyman Training Trust Fund (collectively the "Local Trusts"), Plumbers and Pipefitters National Pension Fund, previously known as the United Association National Pension Fund ("National Trust"), and the International Training Fund ("International Trust"). Collectively, the Local Trusts, National Trust and International Trust are referred to collectively as the "Trusts." The Trusts are express trusts created pursuant to written agreements and declarations of trust (collectively the "Trust Agreements") between the Southern California Pipe Trades District Council No. 16 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry ("District Council 16") and various employer associations in the plumbing and pipefitting industry in Southern California, or between District Council 16, and other councils of the United Association of Plumbers and Pipefitters, and various employer associations across the United States. The Trusts are now, and were at all times material to this action, labor-management multiemployer trusts created and maintained pursuant to section 302(c)(5) of the LMRA [29 U.S.C. § 186(c)(5)].

6. The Trustees are "*fiduciar[ies]*" with respect to the Trusts as defined in section 3(21)(A) of ERISA [29 U.S.C. § 1002(21)(A)].

7. At all times material herein defendant World Mechanical, Inc. ("World Mechanical") has been a corporation organized under the laws of California, with a principal place of business located in the County of Los Angeles, California.

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

8. World Mechanical is an "*employer*" engaged in "*commerce*" in an "*industry affecting commerce*," as those terms are defined and used in sections 501(1) and 501(3) of the LMRA [29 U.S.C. §§ 142(1), 142(3)], and within the meaning and use of section 301(a) of the LMRA [29 U.S.C. § 185(a)].

## EXECUTION OF BARGAINING AGREEMENTS

9. World Mechanical performed work on at least four (4) public works projects covered by the Proposition HHH Project Labor Agreement (HHH-PLA) entered into by and between the City of Los Angeles and the Los Angeles/Orange County Building and Construction Trades Council and signatory unions ("PLA"). Pursuant to the PLA, all employers who have been awarded a contract for projects covered by the PLA are required to accept and be bound to the terms and conditions of the PLA. For each project subject to the PLA on which World Mechanical performed work, World Mechanical executed a Letter of Assent whereby World Mechanical agreed to be bound to the PLA. At all times material herein, World Mechanical has been bound to the PLA.

10. The PLA incorporates by reference the collective bargaining agreements of the unions signatory to the PLA. District Council 16's representative local unions are signatory to the PLA. The relevant collective bargaining agreements incorporated into the PLA include the Master Agreement for the Plumbing and Piping Industry of Southern California between District Council 16 and the Southern California Contractors. At all times material herein, World Mechanical has been bound to the Master Agreement for work on projects subject to the PLA.

11. The PLA provides that signatory employers adopt and agree to be bound to each of the Trust Agreements. The terms and provisions of each of the Trust Agreements are incorporated by reference into the Master Agreement. At all times material herein, World Mechanical has been bound to the Trust Agreements.

///

///

885901v2 11157-32003

4

Complaint

## POSSIBLE ADDITIONAL DEFENDANTS

12. The Trustees are informed and believe, and thereon allege, that to avoid paying fringe benefit contributions, benefits and/or withholdings to the Trusts in violation of the PLA, Master Agreement, Trust Agreements and/or section 515 of ERISA [29 U.S.C. § 1145], World Mechanical and one or more other entities or individuals, diverted or redirected employees and/or business affairs, assets or operations between one or more entities and/or individuals. The Trustees are informed and believe, and thereon allege, that the other entities and/or individuals are presently unknown to the Trustees. If the Trustees ascertain that any of the defendants or others have engaged in such activities, the Trustees will seek leave to amend this Complaint to include such entities and individuals as defendants.

13. If the Trustees subsequently ascertain that one or more other entities or individuals is/are responsible, in whole or in part, for the day-to-day operations of World Mechanical, and/or is/are responsible, in whole or in part, for all, or a majority of, the decisions pertaining to the payment of contributions to the Trusts, including decisions: (A) whether or not to pay such contributions, (B) if payment is to be made, when to pay such contributions, and/or (C) how to use such funds pending payment to the Trusts; the Trustees will seek to amend this Complaint to include such additional parties as defendants.

## FIRST CAUSE OF ACTION
## BREACH OF WRITTEN COLLECTIVE BARGAINING AGREEMENTS, TRUST AGREEMENTS, AND VIOLATION OF ERISA

14. The Trustees incorporate by this reference paragraphs 1 through 13 above, inclusive of any subparagraphs, to the same effect as if set forth verbatim.

15. By the terms and provisions of the PLA, Master Agreement, and/or Trust Agreements, and at all times material herein, World Mechanical agreed, and was obligated to the following:

///

A. Prepare and submit true, complete and accurate written monthly contribution reports ("Reports") to the Trusts on a timely basis showing: (i) the identities of employees performing work covered by the PLA and Master Agreement on which fringe benefit contributions are owed; (ii) the number of hours worked by these employees; (iii) the rates of pay; (iv) the character of hours worked (e.g., straight time, over-time, etc.); and (v) based upon the hours worked by employees, the proper calculation of contributions, benefits and/or withholdings attributable to the same employees. Such monthly contribution reports are due on the 10th day of each successive month;

B. Pay to the Trusts contributions and/or withholdings on a monthly basis, and at specified rates for each hour worked by applicable employees. These amounts are considered delinquent if not received by the Trusts by the 15th of the month succeeding the month in which the work was performed. These amounts are due and payable at the Trusts' administrative offices in Los Angeles, California; and

C. Permit the Trustees and their agents to conduct audits of payroll and related records in order to determine if contributions have been properly paid pursuant to the PLA, Master Agreement, and/or Trust Agreements.

16. World Mechanical is an "*employer*," "*contractor*," and/or "*subcontractor*" as those terms are understood in the PLA, Master Agreement, and/or Trust Agreements.

17. World Mechanical is an "*employer*" as defined and used in section 3(5) of ERISA [29 U.S.C. § 1002(5)].

18. Section 515 of ERISA [29 U.S.C. § 1145], provides that "*every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.*" Pursuant to section 515 of ERISA [29 U.S.C. § 1145], World Mechanical is obligated to make contributions to the Trusts.

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

19. Sections 429 of ERISA [29 U.S.C. § 1059], provides that "*every employer shall … maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees.*" Pursuant to section 429 of ERISA [29 U.S.C. § 1059], World Mechanical was obligated to maintain records sufficient to allow the Trustees to determine the contributions owed by World Mechanical to the Trusts, and the benefits due to the employees of World Mechanical.

20. Pursuant to the terms and provisions of the Master Agreement, Trust Agreements, and ERISA, the Trustees conducted an audit ("Audit") of World Mechanical for the period from January 4, 2021 through March 31, 2022 ("Audit Period"). The Audit revealed that World Mechanical failed to report and pay $8,581.45 for contributions to the Trusts based on work performed by employees of World Mechanical during the Audit Period. World Mechanical breached the PLA, Master Agreement, and Trust Agreements, and violated its statutorily mandated obligations under section 515 of ERISA [29 U.S.C. § 1145] by failing to report and pay these contributions to the Trusts.

21. The Audit also revealed that World Mechanical may have erroneously overreported certain contributions during the Audit Period. The Trustees promulgated a Statement of Policy on Erroneous Payment and Overpayments by Employers ("Overpayment Policy") which establishes the rules and procedures applicable to any request by an employer for a refund or credit based on erroneously overreported contributions and grants the Trustees sole authority and discretion to approve or deny such requests. Pursuant to the Overpayment Policy, any claim by World Mechanical for a refund or credit of erroneously overreported contributions must be submitted to the Trustees for determination.

22. World Mechanical submitted Reports to the Trusts for the months of January 2023 through April 2023 but failed to pay the reported contributions. Based on these Reports, World Mechanical owes the Trusts $24,831.44 for contributions.

World Mechanical's failure to pay these contributions to the Trusts is a breach of the PLA, Master Agreement and Trust Agreements, and is a violation of section 515 of ERISA [29 U.S.C. § 1145].

23. World Mechanical failed to submit the required Reports and pay the related contributions for the month of June 2023. World Mechanical's failure to report and pay these contributions to the Trusts is a breach of the PLA, Master Agreement, and Trust Agreements, and is a violation of section 515 of ERISA [29 U.S.C. § 1145].

24. For the months of January 2022 through December 2022, World Mechanical submitted Reports and paid contributions to the Trusts but failed to do so in a timely manner. World Mechanical's failure to report and pay these contributions to the Trusts in a timely manner was a breach of the PLA, Master Agreement and Trust Agreements, and was a violation of section 515 of ERISA [29 U.S.C. § 1145].

25. Based on its failure to properly report and pay contributions to the Trusts, World Mechanical is "*delinquent*" as that term is used in the Master Agreement and/or related Trust Agreements.

26. Pursuant to section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], in any action by a fiduciary in which judgment is found in favor of the plan, this Court shall award the plan: (A) the unpaid contributions; (B) interest on the unpaid contributions; (C) an amount equal to the greater of interest on the unpaid contributions or liquidated damages provided for under the plan in an amount not in excess of 20% of the unpaid contributions; (D) reasonable attorneys' fees and costs; and (E) such other legal or equitable relief as this Court deems appropriate. Interest on unpaid contributions shall be determined by using the rate provided under the plan.

27. Pursuant to the Master Agreement, Trust Agreements, and section 502(g)(2)(C) of ERISA [29 U.S.C. § 1132(g)(2)(C)], World Mechanical is obligated to pay to the Trusts liquidated damages for the detriment caused by World Mechanical's failure to pay contributions in a timely manner. Pursuant to the written Joint Collection Policy and Procedures ("Joint Collection Policy") promulgated by

the Trustees pursuant to the authority granted to them by the Master Agreement and Trust Agreements, those liquidated damages are assessed at ten percent (10%) of the unpaid or untimely contributions. However, if a lawsuit is filed to collect the unpaid contributions, the Joint Collection Policy provides for liquidated damages assessed at twenty percent (20%) of the unpaid or late contributions. World Mechanical owes the Trusts at least $31,784.82 for liquidated damages. The precise amount of liquidated damages owed by World Mechanical will be established by proof.

28. Pursuant to the Master Agreement, Trust Agreements, Joint Collection Policy, and section 502(g)(2)(B) of ERISA [29 U.S.C. § 1132(g)(2)(B)], World Mechanical owes the Trusts interest at 18% per annum on all unpaid or untimely contributions from the dates the sums were originally due until actually paid. World Mechanical owes the Trusts at least $10,345.98 for interest. The amount of interest owed by World Mechanical will be established by proof.

29. Pursuant to the Joint Collection Policy, if Reports are not timely submitted to the Trusts, late fees are assessed at $200.00 per occurrence. World Mechanical owes the Trustees at least $200.00 for late fees, plus additional amounts that will be established by proof.

30. The Trustees are informed and believe, and thereon allege, that World Mechanical owes, but has failed to pay to the Trusts additional contributions and other amounts in breach of the PLA, Master Agreement, and/or Trust Agreements, and in violation of section 515 of ERISA [29 U.S.C. § 1145], in amounts not presently known to the Trustees, but these additional amounts will be established by proof.

31. By the Master Agreement, Trust Agreements, Joint Collection Policy, and section 502(g)(2)(D) of ERISA [29 U.S.C. § 1132(g)(2)(D)], World Mechanical agreed that in the event of any delinquency, it would pay all legal and auditing fees and costs in connection therewith, whether incurred before or after litigation is commenced. The Trusts have incurred legal and auditing fees and costs as a result of World Mechanical's failure to accurately report and pay contributions to the Trusts.

1 The exact amount of the legal and auditing fees and costs due and payable has not been ascertained at this time. These amounts shall be established by proof.

32. By the Master Agreement and Trust Agreements, World Mechanical agreed in the event it failed to pay contributions or otherwise comply with the terms and provisions of those agreements, to post and deliver either a good faith deposit, or a performance bond issued in favor of the Trusts. The Trustees are informed and believe, and thereon allege, that the Trusts are entitled to such good faith deposit and delivery of monies or bond from World Mechanical. The amount of the good faith deposit or bond will be established by proof at trial.

33. Pursuant to section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], the Court may grant such other legal or equitable relief as the Court deems appropriate. As part of the Trustees' judgment, the Trustees shall also request the Court to:

A. Order World Mechanical, and its representatives, agents, and associates, to provide a full and complete accounting for, and tracing the use of, all unpaid contributions and identify all property, real or personal, tangible or intangible, that are the result, whether in whole or in part, of the use of any contributions;

B. Order World Mechanical, and its representatives, agents, and associates, to post and deliver either a good faith deposit, or a performance bond issued in favor of the Trusts, in an amount determined by the Court to be appropriate;

C. Order the creation of a constructive trust on all applicable property, and order the transfer of the applicable property to the Trusts; and

D. Order World Mechanical, and its representatives, agents, and associates, to pay to the Trusts all amounts due the Trusts, including, but not limited to, the unpaid contributions, benefits, withholdings, damages, legal fees, audit fees and other expenses and damages incurred.

///
///
///

## SECOND CAUSE OF ACTION
## BREACH OF CONTRACT

34. The Trustees incorporate by this reference paragraphs 1 through 33 above, inclusive of any subparagraphs, to the same effect as if set forth verbatim.

35. The Trustees are informed and believe, and thereon allege, that amounts due as union dues and association fees and related amounts (excluding employer and employee contributions) are not recoverable under ERISA.

36. The Master Agreement requires World Mechanical to pay to the Trusts, for the benefit of District Council 16, its affiliated local unions, the Piping Industry Progress Education & Trust Fund ("PIPE"), the Labor Management Compliance Council ("LMCC"), and the California Plumbing and Mechanical Contractors Association ("CPMCA") certain amounts for each hour worked by World Mechanical's employees performing work covered by the Master Agreement. The Trustees are the assignee of District Council 16, its affiliated local unions, PIPE, LMCC, and CPMCA for collecting said hourly contributions. World Mechanical has failed to pay amounts due under the Master Agreement to the Trustees for the benefit of District Council 16, its affiliated local unions, PIPE, LMCC and CPMCA, which amounts shall be established by proof.

37. Pursuant to the Master Agreement and Joint Collection Policy, World Mechanical is obligated to pay to the Trusts liquidated damages on all unpaid or delinquent contributions (including those amounts due to District Council 16, its affiliated local unions, PIPE, LMCC and CPMCA). Pursuant to the Joint Collection Policy liquidated damages are assessed at ten percent (10%) of the unpaid or untimely contributions. However, if a lawsuit is filed to collect the contributions, the Joint Collection Policy provides for liquidated damages assessed at twenty percent (20%) of the unpaid or untimely amounts. The amount of liquidated damages owed by World Mechanical will be established by proof.

///

38. Pursuant to the Master Agreement and the Joint Collection Policy, World Mechanical owes the Trusts interest at 18% per annum on all unpaid or delinquent contributions (including those amounts due to District Council 16, its affiliated local unions, PIPE, LMCC and CPMCA) from the dates the sums were originally due or should have been paid to the Trusts until paid. The amount of interest owed by World Mechanical will be established by proof.

## **PRAYER**

WHEREFORE, the Trustees pray for judgment as follows:

1. For unpaid contributions and other damages for breach of contract as established by proof;

2. For liquidated damages as established by proof;

3. For interest at the rate of 18% per annum, or other applicable legal rate, on all contributions due from their respective due dates, or the dates said contributions should have been paid, until paid, plus additional amounts as established by proof;

4. For special damages in amounts as proved;

6. For the Trustees' audit costs, plus additional amounts as established by proof;

7. For the Trustees' reasonable attorneys' fees in amounts as proved;

8. For costs of suit incurred herein; and

9. For such additional relief as this Court deems just and proper, including, but not limited to, the following:

A. An Order directing defendants, his/her/its/their representatives, agents, and associates, to provide a full and complete accounting for, and tracing the use of all unpaid contributions and identify all property, real or personal, tangible or intangible, that are the result, whether in whole or in part, of the use of any unpaid contributions;

B. An Order for the creation of a constructive trust on all applicable property, and an Order for the transfer of the applicable property to the Trusts; and

C. An Order directing defendants, his/her/its/their representatives, agents, and associates, to pay to the Trusts all amounts due the Trusts, including, but not limited to, the unpaid contributions, benefits, withholdings, damages, legal fees, audit fees and other expenses and damages incurred.

DATED: July 21, 2023         BUSH GOTTLIEB, A Law Corporation

By: /s/ J. Paul Moorhead
J. PAUL MOORHEAD
KATHY M. AMILIATEGUI
Attorneys for Plaintiffs, Trustees of the Southern California Pipe Trades Health and Welfare Trust Fund, et al.

### WAIVER OF JURY TRIAL

Plaintiffs waive a jury trial in this action.

DATED: July 21, 2023         BUSH GOTTLIEB, A Law Corporation

By: /s/ J. Paul Moorhead
J. PAUL MOORHEAD
KATHY M. AMILIATEGUI
Attorneys for Plaintiffs, Trustees of the Southern California Pipe Trades Health and Welfare Trust Fund, et al.